IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARDSON INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-535-M |
| MICHAEL Z. and CAROLYN Z., as next friends of LEAH Z., a minor child, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are (1) Plaintiff's Motion for Summary Judgment, filed May 1, 2006, (2) Defendants' Motion for Summary Judgment, filed May 1, 2006, and (3) Defendants' Motion to Strike, filed June 13, 2006. The Court **DENIES** the Motions. The Court **ORDERS** the parties to file witness and exhibit lists, if any, within thirty days of the date of this Order.

*1. Motions for Summary Judgment*

In *Hunger v. Leininger*, a Seventh Circuit panel examined the application of summary judgment motions for claims under the Individuals with Disabilities Education Act ("IDEA"). 15 F.3d 664, 669 (7th Cir. 1994). The panel recognized that suits under the IDEA in district courts are proceedings for judicial review of administrative actions. Under most statutes, such proceedings are ordinarily conducted on the basis of the record compiled in the administrative proceeding. *Id.* However, review under the IDEA is different, because the statute expressly requires that the court "shall hear additional evidence at the request of a party". *Id.* (citing 20 U.S.C. § 1415(e)(2)). In *Hunger*, the panel found that, because neither party asked to present additional evidence, summary judgment on the administrative record was proper. *Id.* at 669-70;

*accord Dong v. Bd. of Educ. of Rochester Cmty. Schs.*, 197 F.3d 793, 798 (6th Cir. 1999). Here, however, Plaintiff has requested an opportunity to present additional evidence. Thus, summary judgment is inappropriate at this time, and the Court **DENIES** both Motions for Summary Judgment. The Court **DENIES** Defendants' Motion to Strike as moot.

*2. Claims under 42 U.S.C. § 1983 and 29 U.S.C. § 794*

In their Motion for Summary Judgment, Defendants requested that the Court dismiss their claims under 42 U.S.C. § 1983 and section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), with prejudice. Plaintiff does not oppose this request. The Court **DISMISSES** Defendants' claims under 42 U.S.C. § 1983 and 29 U.S.C. § 794, with prejudice.

*3. Additional Evidence*

The Court will allow each party to submit additional evidence. A panel of the First Circuit, in *Burlington v. Department of Education*, discussed the scope of "additional evidence" in an IDEA action. 736 F.2d 773, 790 (1st Cir. 1984). The word "additional" generally proscribes the parties from re-submitting evidence they provided at the evidentiary hearing. *See id.* The panel opined that some possible reasons that would justify admission of additional evidence include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* Generally, "the determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." *Metro. Gov't of Nashville and Davidson Cty., Tenn. v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990).

The "additional evidence" provision "does not authorize witnesses at trial to repeat or embellish their prior testimony". *Burlington*, 736 F.2d at 790. Despite this, the Court will not categorically disallow testimony "from all who did, or could have, testified before the administrative hearing". *Id.* Instead, "an administrative hearing witness is rebuttably presumed to be foreclosed from testifying . . . [in determining whether to allow such a witness], a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for [the district court], the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.* at 791. "The Court should look with a critical eye on a claim . . . that the credibility of a witness is a central issue. The claim of credibility should not be an 'open sesame' for additional evidence." *Id.*

The Court **ORDERS** each party who wishes to introduce additional evidence in the form of witnesses to file a list of witnesses within thirty days of the date of this Order. Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness and a designation of whether or not that witness testified at the administrative hearing. If a witness testified at the hearing, the party must explain how it will rebut the presumption that the witness should not be allowed to testify. If that witness did not testify at the hearing, the party must state why that witness did not testify at the administrative hearing.

The Court **ORDERS** each party who wishes to introduce additional evidence in the form of exhibits to file a list of exhibits within thirty days of the date of this Order. The list of exhibits shall describe the documents or items in numbered sequence and a designation of whether or not that exhibit was offered at the administrative hearing. If an exhibit was offered at the hearing, the party must explain why the exhibit is not already in the administrative record, or why the Court should consider it. If that exhibit was not offered at the hearing, the party must state why it was not offered. The documents or items to be offered as exhibits shall be numbered by

attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel and shall deliver a set of marked exhibits to the Court's chambers (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, and each binder is to be labeled on the spine with the style of case, case number, name of the party, volume number of the binder, and the numbers of exhibits contained in the binder. Such exhibits must be provided along with the exhibit list.

After the Court receives any exhibit and witness lists, it will schedule a hearing to consider the additional evidence, if any.

**SO ORDERED.**

June 19, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS