IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARDSON INDEPENDENT SCHOOL DISTRICT, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL Z. and CAROLYN Z., as next friends of LEAH Z., a minor child, <br><br> Defendants. | § § § § § § § § § § § § Civil Action No. 3:05-CV-535-M (BH) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to its *Memorandum Opinion and Order*, filed August 21, 2007, the District Court awarded Defendants reasonable attorney's fees and costs, and referred to this Court for hearing, if necessary, and for determination, the issue of the amount of reasonable attorney's fees and costs to which Defendants are entitled. Before the Court are *Defendant's Motion for Attorney Fees and Costs and Memorandum in Support* ("Mot."), filed September 12, 2007, and *Richardson Independent School District's Response in Opposition to Defendant's Motion for Reimbursement of Attorney's Fees* ("Resp."), filed September 21, 2007. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that *Defendant's Motion for Attorney Fees and Costs* should be **GRANTED** in part.

### I. BACKGROUND[1]

This action arises from the steps taken by the parents of Leah Z. ("Defendants") to ensure that

---

[1] The background facts in this section are taken from the District Court's August 21, 2007 order and from Appendix A of Plaintiff's complaint. *See Richardson Indep. Sch. Dist. v. Michael Z.*, 2007 WL 2381250 (N.D. Tex. Aug. 21, 2007); *Plaintiff's Original Complaint, Richardson Indep. Sch. Dist. v. Michael Z.*, No. 3:05-CV-535-M (N.D. Tex. filed Mar. 17, 2005) (hereinafter "Compl.").

- 1 -

their child received a free and appropriate public education from the Richardson Independent School District ("RISD") as required by the Individuals with Disabilities Education Act, 20 U.S.C. §§1400-1482 ("IDEA").

Since a very young age, Leah has had behavioral problems. She attended nearly a dozen private schools and first entered the RISD in the fifth grade. In the fall of 2003, she began her ninth grade year at Westwood Junior High school. After a series of problems at Westwood, she was placed in Richardson High School on March 15, 2004. Defendants removed Leah from the RISD without notice to the school district on April 1, 2004, and placed her in residential care at the Texas NeuroRehab Center ("TNRC") after two days in another residential center. She was discharged from the TNRC on November 12, 2004.

In June of 2004, approximately two months they unilaterally removed her from the RISD, Defendants requested an Admissions, Review, and Dismissal ("ARD") committee hearing to ask for placement of Leah by the RISD at the TNRC. Defendants were represented by counsel when the group convened in June to discuss Leah's placement. After the ARD committee denied Defendants' request for placement at the TNRC, Defendants filed a request for an administrative due process hearing on July 28, 2004. At the prehearing conference on August 13, 2004, Defendants, who were represented by counsel, requested reimbursement for Leah's placement from April 1, 2004. Subsequent to Leah's discharge from the TNRC, Defendants modified the relief to ask for reimbursement of expenses incurred for placement at the TNRC from April 1, 2004, through November 12, 2004. The due process hearing, at which Defendants were represented by counsel, took place from December 6-9, 2004. In a written decision, the presiding special education Hearing Officer found that the RISD had actual notice of Defendants' desire to place Leah at the TNRC at public expense by June 2, 2004. (*See* Compl. Ex. A at 10-11). The Hearing Officer awarded $56,000 to Defendants for reimbursable

expenses incurred between June 2, 2004, and November 12, 2004.

The RISD filed the instant action on March 17, 2005, to reverse the determination of the Hearing Officer. Both parties filed motions for summary judgment on May 1, 2006; the District Court denied both in an order issued on June 19, 2006, because RISD requested an opportunity to present additional evidence. *See Richardson Indep. Sch. Dist. v. Michael Z.*, 2006 WL 1683439, at *1 (N.D. Tex. June 19, 2006). After an evidentiary hearing before the District Court, the RISD filed a motion for final judgment and Defendants filed a motion for judgment on the record. In an order dated August 21, 2007, the District Court agreed with the Hearing Officer and found that the RISD was obligated to reimburse Defendants for reimbursable costs incurred after June 2, 2004. The District Court granted in part and denied in part Defendants' motion, and denied the RISD's motion.

## II. ATTORNEY'S FEES

The District Court awarded Defendants fees after determining that they were the prevailing party because the RISD failed to provide a free appropriate public education to Leah and her residential placement was appropriate. *Richardson*, 2007 WL 2381250, at *16. Under the IDEA, courts have the discretion to award reasonable attorney's fees "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(h)(i)(3)(B)(i)(I). Defendants seek expenses and attorney's fees in the amount of $65,798.22.[2]

### A. <u>Methodology for Calculation of Attorney's Fees</u>

The Fifth Circuit interprets the IDEA's attorney's fees provision in accordance with *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998). Under *Hensley*, a prevailing party may recover only those fees that are reasonably

---

[2]This figure includes $19,020.85 in payments Defendants' counsel already received. *See* Def. Ex. 1 at 3, 13; Def. Ex. 2 at 2, 3, 5, 7, 9, 11, 13, 15, 17, 20, 24. The record does not reflect from whom the payments were received.

expended on the litigation. *See* 461 U.S. at 433-34; *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993).

In adjudicating an attorney's fees award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974).[3] *Riley*, 99 F.3d at 760; *Louisiana Power & Light*, 50 F.3d at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W.*, 158 F.3d at 209 (internal citations omitted). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

**B.    Calculation of the Lodestar**

The first step in the lodestar analysis requires the court to determine the reasonable number of hours expended by Defendants' attorney on the lawsuit, as well as her reasonable hourly rate.

---

[3]The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

Defendants offer time records and an affidavit in support of the application.[4]

   1.   **Reasonable Number of Hours**

Defendants' counsel presents two different totals for the number of hours in the billing records that she expended on the lawsuit. In her motion, she states that she spent 328.99 attorney hours on the special education due process hearing and appeal to the District Court. (Mot. at 6). In her sworn affidavit, however, she states that she spent 292.5 hours defending the case. (Def. Ex. 3 at 1, ¶4). The record contains no explanation for the discrepancy between the two figures. The Court therefore utilizes the number of 292.5 hours provided in the sworn affidavit.

RISD raises a number of objections Defendants' claimed fees, but states its requested reductions in monetary amounts that also encompass costs, rather than in terms of hours expended as required by the lodestar method. The Court considers each of RISD's objections from the perspective of reasonable hours expended.

   a. **Prevailing Party**

The RISD first requests a reduction in the number hours because Defendants did not fully prevail on the either the underlying administrative hearing or this federal action.[5] (Resp. at 3-4). Defendants sought reimbursement for Leah's placement at the TNRC from April 1, 2004, through November 12, 2004, but only received an award of reimbursable expenses incurred from June 2, 2004, the date on which the RISD had actual notice of Defendants' desire to place Leah at the TNRC at public

---

[4]The Court did not consider the other two affidavits submitted by Defendants. The RISD's objections to Defendants' Exhibits 4 and 5 are therefore **OVERRULED** as **moot** and the motion to strike is **DENIED** as to these two exhibits. *See Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n.6 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (overruling as moot objections to evidence that is not considered by the court in deciding motion for summary judgment).

[5]The RISD raises separate objections to Defendants' limited success before the Hearing Officer and the District Court as it pertained to relief sought before June 2, 2004. (Resp. at 3-4, ¶7; 5, ¶9; 7,¶13). Since these objections relate to the ultimate issue of Defendants' degree of success, the Court considers them together.

expense.

The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436. In a case involving attorney's fees under the IDEA, the Fifth Circuit noted that an award of must reflect the degree of success obtained. *Jason D.W.*, 158 F.3d at 210. Where a party achieved only partial or limited success, the district court may use its equitable judgment "to attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436. Defendants concede that a reduction is appropriate in their case. (Mot. at 3-4). *See also Jason D.W.*, 158 F.3d at 211 (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir.1998) (Fifth Circuit rejected argument that the issues in an IDEA special education case are so interrelated that it is impossible to determine how much time was spent on each issue, even considering that the same common core of facts may have been presented on each issue).

Ideally, Defendants would identify the amount of time expended on the distinct issues of reimbursable expenses incurred prior to the date of notice to the RISD (April 1, 2004 through June 1, 2004) and those incurred after the date of notice (June 2, 2004 through November 12, 2004). Since the Court cannot identify specific hours from Defendants' billing records that were spent on the unsuccessful claim for pre-notice reimbursement, it will reduce the fees by a percentage that reflects the success of their claim. Defendants sought reimbursement for 226 days but received reimbursement for 164. One hundred sixty four divided by 226 is 0.726. As a percentage, this is 72.6%, or, for simplicity's sake, 75%. The Court therefore finds that a flat 25% reduction in all hours expended is appropriate to reflect the limited success of their claim as it pertains to the award of reimbursable expenses sought from the due process hearing and the District Court. The Court further finds that this reduction of the total award sufficiently accounts for Defendants' unsuccessful argument before both

the due process Hearing Officer and the District Court. (*See* Compl. Ex. A at 11) (Hearing Officer's conclusion that the statutory exception does not apply); *Richardson*, 2007 WL 2381250, at *14 (exception to statutory notice requirement does not apply).

### b. Motion for Summary Judgment

The RISD requests a reduction for Defendants' unsuccessful motion for summary judgment filed on May 1, 2006. (Resp. at 8). Defendants expended a total of 74.75 attorney hours in preparation of this motion and its reply. (*See* Def. Ex. 2 at 14-17). On June 19, 2006, the District Court denied this motion in its entirety, along with RISD's motion for summary judgment filed on the same date, because it determined that Plaintiff had exercised its right to present additional evidence under the IDEA. *Richardson*, 2006 WL 1683439, at *1; *see* 20 U.S.C. § 1415(i)(2)(C)(ii). Since Defendants' motion was denied in full, the time expended on its preparation and on the reply was not reasonable. Defendants therefore cannot recover the 74.75 hours they seek for the motion.

### c. Unrelated and Prohibited Recovery

The RISD objects to fees sought for activity unrelated to the instant action. (Resp. at 8-9). Defendants filed a request for 3.75 hours expended on a "motion for release." (Def. Ex. 1 at 13). This motion is not part of the court docket sheet, and Defendants offer no explanation for what the "motion for release" is. The Court therefore finds that Defendants have not met their burden to show that it was reasonable to expend these 3.75 hours.

The RISD also objects to Defendants' request for recovery of 10.08 hours of work performed in conjunction with the ARD meeting that took place on June 9, 2004. (Resp. at 7; *see* Def. App. 1 at 13, 15).[6] The IDEA expressly prohibits the recovery of attorney's fees relating to any meeting of the

---

[6]RISD also objects to 0.57 hours of work Defendants' counsel performed in March of 2004 because these client communications are unidentifiable. (Resp. at 7) (citing Def. Ex. 1 at 16). There is no indication that these communications were related to the ARD meeting. The Court addresses these objections in Part II.B.1.d , *infra*.

- 7 -

Individual Educational Program ("IEP") team, unless the meeting is convened as a result of an administrative decision or judicial action. 34 C.F.R. § 300.517(c)(2)(ii). In Texas, the ARD committee constitutes the IEP team as defined by federal law. 19 Tex. Admin. Code § 89.1050. Since the ARD meeting was not convened as a result of administrative decision or judicial action, Defendants cannot recover the 10.08 hours they seek.

### d. Excessive, Duplicative, Unspecified Entries

The RISD raises several objections throughout the response related to Defendants' failure to comply with this Court's August 23, 2007 order specifying requirements and procedures for filing the fee application. Specifically, the RISD objects to vagueness, improper redactions, failure to provide adequate detail for time entries, failure to identify attorney or employees, failure to provide evidence of good billing judgment, and double billing. (*See* Resp. at 6-11). The RISD contends that Defendants' failure to submit a sufficiently detailed request makes it unreasonably difficult, if not impossible, for it to contest specific amounts that should be reduced. (Resp. at 5-6).

A review of Defendants' motion and appendix in support finds substantial justification for these objections. Defendants' billing records are replete with vague entries, such as "meeting with client," "telephone with client," "office consultation," and "case research," to name a few. (*See e.g.*, Def. Ex. 1 at 9, 12, 15, 16; Def. Ex. 2 at 26, 28). Defendants cite two examples of descriptions for records that they claim show adequate descriptions because the work was performed on a certain date. (Mot. at 6). While the Court may infer that work performed on a certain date relates to the instant action, such vague descriptions do not satisfy Defendants' burden to establish that the amount of time spent was reasonable. *See League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1236 (5th Cir. 1997) (disapproving of "research and review of cases" and noting that a complete entry would show "the date, the number of hours spent (calculated to the tenth of an hour),

and a short *but thorough* description of the services rendered") (emphasis added); *see also Hopwood v. State of Texas*, 999 F. Supp. 872, 916 n.93 (W.D. Tex. 1998), *rev'd on other grounds* 236 F.3d 256 (5th Cir. 2000) (finding that "REVIEW AND REVISE BRIEF," and "LEGAL RESEARCH RE 5TH CIRCUIT ISSUES," were "too vague and brief to inform the Court precisely what work was done").

Additionally, Defendants present little evidence to account for good billing judgment, other than conclusory assertions as to the matter and occasional reductions in the hourly rate for clerical work performed by counsel. (Mot. at 6-7; *see e.g.*, Def. Ex. 1 at 4, 6, 11). Defendants' failure to demonstrate good billing judgment is particularly true in light of their admission that a reduced fee award is appropriate due to the partial success of the proceedings and their request for expenses to which they are clearly not entitled, such as the unrelated "motion for release" and representation for the ARD meeting. The Court notes, however, that Defendants' counsel excised some entries from Exhibit 2, but it is unknown whether these deletions represent excessive work or work unrelated to the instant action, especially given their vague descriptions. (Def. Ex. 2 at 4, 5, 8, 9). Defendants therefore did not meet their burden to establish good billing judgment. *See Hensley*, 461 U.S. at 433; *see also Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off") *vacated in part on other grounds* 903 F.2d 352 (5th Cir. 1990); *Scribner v. Waffle House, Inc.*, 1997 WL 446453, at *2 (N.D. Tex. July 28, 1997) ("Because there is no record that the Plaintiff exercised billing judgment, Plaintiffs are ordered to resubmit its hourly billing report to include evidence that they in fact exercised billing judgment.").

Defendants fee application does not reflect compliance with this Court's August 23, 2007 order. Rather than sift through the 50 page appendix to identify the individual entries that do not comply with the order, a flat reduction of 25% for all requested fees is appropriate; this reduction is in addition to

the 25% reduction applied for Defendants' limited success as a prevailing party. *See Hensley*, 461 U.S. at 433; *see also Hopwood*, 999 F. Supp. at 916 ("It was impractical for the Court to wade through literally hundreds of time entries in order to assess a specific number of duplicative and excessive hours for each attorney"); *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) ("Litigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications"); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) ("Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim on which the party prevailed"); *Rappaport v. State Farm Lloyds*, 2000 WL 769224, at *4 (N.D. Tex. June 13, 2000) (denying fees requested for a specific period after finding that the failure to segregate made it "impossible for the Court to determine the amount of time reasonably expended") (emphasis in original); *Walton v. Autotrol Corp.*, 1998 WL 241257, at *2 (N.D. Tex. May 1, 1998) (explaining that when a party fails to adequately segregate its fees, "the Court may reduce the fee award accordingly").

### 2. Reasonable Hourly Rates

Defendants assert that an hourly rate of $200 is reasonable. In support of this assertion, they present an affidavit by their counsel attesting to her qualifications, experience, reputation, and ability. (*See* Def. Ex. 3). The Court agrees with Defendants that this is a reasonable rate in the Dallas legal community for legal services by attorneys with the level of ability, competence, experience, and skill of Defendants' counsel in the field of special education law. The Court considered the affidavit of Defendants' counsel submitted in support of this fee application. The Court further makes its determination based on its knowledge of rates charged for legal services by attorneys with the level of skill, competence, and ability of Defendants' counsel in the Dallas legal community, and its experience in setting attorney's fees in other cases. The court will use the current hourly rate of $200 to

compensate for delay in payment. *See Missouri v Jenkins*, 491 U.S. 274, 282-84 (1989) (finding application of current rates rather than historic hourly rates to be appropriate adjustment for delay in payment of attorney's fees under § 1988); *Hopwood*, 236 F.3d at 281 n.107 (approving district court's use of current rates to compensate for delay in payment).

    **3.    Lodestar**

After consideration of the RISD's objections and making appropriate reductions to requested hours, the Court finds that a reasonable number of hours times a reasonable hourly rate yields a lodestar of $20,292.[7]

**C.    <u>Adjustment to Lodestar Calculation</u>**

The Court has considered each of the *Johnson* factors in determining what constitutes reasonable attorney's fees in this action and applied them where appropriate. Many of the *Johnson* factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should therefore not be double-counted. *Jason D.W.*, 158 F.3d at 210. Moreover, some factors deserve more weight than others. *Id*. As noted above, the Supreme Court has held that "the most critical factor" in determining reasonableness of an attorney's fee award "is the degree of success obtained." *Hensley*, 461 U.S. at 436; *Migis*, 135 F.3d at 1047.

Defendants raise a single argument for a fee enhancement: their counsel experienced a two and a half year delay in payment of attorney's fees for the Special Education due process hearing. (Mot. at 4-5). The Court notes that Defendants' counsel charged $200 per hour throughout this litigation. Furthermore, Defendants' counsel stated in her affidavit prepared on September 7, 2007, and submitted

---

[7]The Court arrived at this figure as follows: 292.5 - 89.58 in identifiable reductions (74.75 + 3.75 + 10.08) = 202.92 attorney hours. This figure is then reduced by 50% for reasons stated in Parts II.B.1.a and II.B.1.d to arrive at a total of 101.46 attorney hours reasonably expended, which is then multiplied by a rate of $200 per hour.

in support of the fee application that her hourly rate is $200.  *See* Def. Ex. 3.  Since the Court calculated Defendants' fees according to her current hourly rate, it finds that Defendants are not entitled to a fee enhancement.  *Jason D.W.*, 158 F.3d at 210.

**D.     Fees for Preparation of Fee Application**

The Court notes that it is the normal procedure to include a request for fees incurred during the preparation of the fee application as part of the initial fee request.  Defendants' request, however, does not include the cost of preparation of post-judgment memoranda, such as the instant fee application or the motion regarding reimbursement for non-medical costs.  (*See* Mot. at 5, ¶12).  Accordingly, the Court does not address or include any award for supplemental fees.

### III.  COSTS

It is well-settled that "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client."  *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).  Thus, Defendants may recover their reasonable out-of-pocket costs and expenses as a component of their attorney's fees.  *Id*.

**A.     Clerical Costs**

Defendants request reimbursement for 40 hours of clerical work performed at the rate of $60 per hour.  (Mot. at 6).  Defendants state that although a licensed attorney performed the clerical work, the billing rate was adjusted downward to reflect a clerical rate.  (*Id*. at 6-7).

The RISD raises several specific objections. The first is that Defendants expended 1.07 hours in preparation of the unsuccessful motion for summary judgment and its reply.  (Resp. at 8; *see* Def.

Ex. 2 at 14-17). The Court previously determined that these hours were not reasonably expended and therefore will deduct this amount from the total number of hours. *See* Part II.B.1.b, *supra*. The RISD also objects to Defendants' failure to submit any specific evidence to support their assertion that $60 per hour is a reasonable charge for clerical work. (Mot. at 10). Given Defendants' counsel's experience in the Dallas legal community, which she attests to in her affidavit, the Court finds that this rate is reasonable. The RISD also objects to Defendants' limited success as a prevailing party and vague and duplicative records. The Court previously determined that a flat 50% reduction in the total hours expended is reasonable and applies it to the request for reimbursement of clerical hours. *See* Part II.B.1.a and II.B.1.d, *supra*.

Accordingly, the Court finds that Defendants can recover $1,168.20 in clerical costs.[8]

## B. Other Costs

Defendants contend that they satisfied this Court's order to provide "separate totals for each category of recoverable costs with supporting itemized records." (Mot. at 7). However, Defendants presented a single request for $65,708.22. The Court is aware that this total is $4,898.22 more than the $60,900 that can be accounted for from the initial request for attorney's fees and clerical costs.[9] Even assuming that the difference of $4,898.22 represents the amount of other costs sought by Defendants, Defendants did not meet their burden to show the specific costs that this sum represents or that the amount is reasonable. The affidavit submitted by Defendants' counsel does not state whether these costs are reasonable and customary. (*See* Def. Ex. 3). Additionally, Defendants did not segregate the

---

[8]The Court arrived at this figure as follows: 40 - 1.07 in identifiable reductions = 38.93 clerical hours. This figure is then reduced by 50% to arrive at a total of 19.47 clerical hours reasonably expended, which is then multiplied by a rate of $60 per hour.

[9]Defendants initially sought 292.5 attorney hours at $200 per hour and 40 clerical hours at $60 per hour. The sum of these two figures is $60,900.

costs from the billing records, and the Court is not inclined to sift through the 50 pages of the appendices to determine whether the individual entries for postage, courier fees, or express mailings total this amount. For these reasons, the Court finds that Defendants are not entitled to recover any additional costs.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that *Defendant's Motion for Attorney Fees and Costs* should be **GRANTED** in part. Defendants should recover the amount of $20,292 as reasonable attorney's fees. The amount of awarded costs should be $1,168.20. The total awarded for attorney's fees and costs on *Defendant's Motion for Attorney Fees and Costs* should be $21,460.20.

**SO RECOMMENDED** on this 1st day of February, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE